## ADA F. KENISON vs. WILLIAM H. DRESSER, Adm'r.

## Cumberland.   Opinion December 24, 1921.

*A plaintiff in an action brought against an administrator of an estate on a claim
not preferred, having filed the claim supported by affidavit in the Probate Court
prior to bringing action, and the estate is subsequently decreed insolvent,
and the claim is not presented to the commissioners, can either dis-
continue without costs, or continue, try, and have judgment
rendered with the effect, and satisfied in the same
manner provided in the case of appeal.*

In an action against an administrator of an estate, which subsequently to the
time of bringing the action was decreed insolvent, the plaintiff having prior
to bringing the action filed the claim in the Probate Court supported by affi-
davit, and did not present the claim to the commissioners, it not being a
preferred claim, two courses are open to the plaintiff: (1) to discontinue
without costs; (2) to continue, try, and have judgment rendered with the
effect, and satisfied in the same manner provided in the case of appeal.

On exceptions.   An action of assumpsit against an administrator
which was continued for several terms of court from term to term,
and defaulted, and on motion by defendant the default was removed,
and again at a subsequent term was defaulted and after the default
was recorded and before final judgment thereon, the defendant filed
a motion that the presiding Justice set aside the default and order it
stricken from the records and discontinue the case without costs.
This motion was denied by the presiding Justice and the defendant
excepted.   Exceptions overruled.

Case is stated in the opinion.

*William Lyons*, for plaintiff.

*Howard Davies, and Harry C. Libby*, for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL,
DEASY, JJ.

HANSON, J.   This was an action of assumpsit returnable to the
Superior Court for the County of Cumberland at the December term,

1916, and was continued from term to term until the February term, 1921, when the case was defaulted, and the default was later stricken off upon the motion of the defendant. At the April term, 1921, of said court the case was again defaulted, and after the default was recorded and before final judgment thereon, the defendant filed a motion that the presiding Justice set aside the default and order it stricken from the records and discontinue the case without costs. This motion was overruled by the presiding Justice, and the defendant excepted. The case is here on defendant's exceptions to the above ruling. The defendant concedes liability, but claims that in June, 1917, the year after this action was brought, he represented decedent's estate insolvent, and that for this reason, and because the plaintiff in the first instance before this suit was brought filed his claim in the Probate Court, this action cannot be maintained. Defendant's counsel urge that the presiding Justice should have granted the motion of the defendant for either of the two following reasons:

1. That by filing the proof of claim in the Probate Court before action brought, and citing the administrator to settle his final account, the plaintiff did present her claim to the Commissioners of Insolvency, and made her election under the statute, and that the pending action was thereby discontinued without costs.

2. That the plaintiff is guilty of laches in allowing the pending action to slumber from June, 1917, until February, 1921.

As to the first contention: The action had been in court several months before the decree of insolvency. The case remained in court thereafter until the April term, 1921, at which term the motion mentioned was filed. In support of the first reason, the defendant quotes R. S., Chap. 71, Sec. 5, which provides that "Any claim filed in the Registry of Probate supported by affidavit as provided in Section 14 of chapter 92 shall be considered as if presented to said Commissioners (referring to the Commissioners of Insolvency) provided the same is so filed before the expiration of the six months period named in the preceding section."

But this section does not authorize the use he would make of it, nor does it have the effect in any manner to control a plaintiff in a suit brought after filing in Probate Court a claim against an estate as provided in Sec. 14 of Chap. 92, R. S., if he desires to continue his suit thereunder. *Neally* v. *Segar*, 57 Maine, 563, cited by defendant,

is not an authority supporting his contention. In that case the writ was dated April 14, 1866, was entered at the following May term, and continued until the January term, 1869, when it came on for trial. After entry of the action the defendant died; letters of administration taken out; the estate rendered insolvent; commissioners of insolvency were appointed, who gave the notice required by law. The plaintiff left his writ with the commissioners, but did not support the claim therein set out by affidavit or other proof. The commissioners disallowed the claim. The court considering the case on report, held that "two courses were open to the plaintiff,— (1) To discontinue without costs; (2) to continue, try, and have judgment rendered with the effect, and satisfied in the same manner provided in the case of appeal." *Bates* v. *Ward,* 49 Maine, 87.

The plaintiff's right to "continue, try, and have judgment" is the same under Chap. 71, Sec. 19, of the R. S. of 1916, which provides as follows: "Actions pending on claims not preferred when a decree of insolvency is made may be discontinued without costs; or continued, tried and judgment rendered with the effect, and satisfied in the manner provided in cases of appeal. No action can be commenced, except on a preferred claim, after such decree."

In *Shurtleff* v. *Redlon,* 109 Maine, 62, this court in considering the foregoing section, among other conclusions held, that "No action, except the action for money had and recieved by way of appeal, can be commenced upon any unpreferred claim after the decree of Probate Court adjudging the estate insolvent, and appointing commissioners, but an action commenced before such decree may be further maintained, provided plaintiff does not present the claim declared upon to the commissioners.

As to the claim of laches on the part of the plaintiff, it may be said that from the information to be gathered from the exceptions, it does not appear that delay was due to the fault of the plaintiff alone. If there was delay beyond the usual time necessary in such cases, the defendant from the record was a party to the same. The ruling of the presiding Justice was correct.

*Exceptions overruled.*